## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ETHAN KOGAN on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| SOUTHWEST CREDIT SYSTEMS, LP, and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ETHAN KOGAN (hereinafter "KOGAN") on behalf of himself and all others similarly situated (hereinafter "Plaintiffs") by and through her undersigned attorneys, alleges against the above-named Defendants, SOUTHWEST CREDIT SYSTEMS, LP (hereinafter "SOUTHWEST"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff, KOGAN, is a natural person and a resident of New York County, State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      SOUTHWEST is a foreign corporation with its principal place of business located at 4120 International Pkwy, Suite 1100, Carrollton, Texas 75007-1958.

8.      Upon information and belief, Defendant SOUTHWEST uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      Defendant SOUTHWEST is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

10.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from HF which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a statewide class action. The Class consists of:

> All New York State consumers who were sent initial collection letters and/or notices from SOUTHWEST, attempting to collect debt(s) allegedly owed to another, which included the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined.

> The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

14.     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

15.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

      a.     Whether Defendants violated various provisions of the FDCPA;

      b.     Whether Plaintiff and the Class have been injured by Defendants' conduct;

      c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

16.     Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

17.     Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

18.     Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

19.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

20.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.   Class treatment

will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

21.     Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

22.     On or before May 20, 2021, Plaintiff allegedly incurred a financial obligation to CHARTER COMMUNICATIONS ("CHARTER").

23.     The CHARTER obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.     The CHARTER obligation arose out of a transaction, which was for non-business purposes.

25.     CHARTER is a "creditor" as define by 15 U.S.C. § 1692a(4).

26.     The CHARTER obligation is a "debt" as defined by 15 U.S.C § 1692a(5).

27.     Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

28.     On or before May 20, 2021, the CHARTER obligation was assigned to SOUTHWEST.

29.     At the time the CHARTER obligation was assigned to SOUTHWEST, such obligation was past due.

30.     At the time the CHARTER obligation was assigned to SOUTHWEST, such obligation was in default.

31.     On or about May 30, 2021, SOUTHWEST caused to be mailed to KOGAN a letter concerning the CHARTER obligation.  A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

32.     The May 30, 2021 letter stated, in part:

> Dear Ethan Kogan,
>
> Your account has been assigned to this office for collection.  The balance listed is due in full.  If payment has already been made, please contact this office.

33.     The May 30, 2021 letter does not state who assigned the obligation to SOUTHWEST.

34.     The May 30, 2021 letter further stated, in part:

| Account Summary |
| --- |
| Creditor<br><br>Charter Communications |
| Creditor Account No.<br><br>xxxxxxxxxxxxxx500 |
| Southwest Reference No.<br><br>xxxxxxxxxxxx548 |
| Principal |

| | |
|---|---|
| $0.00 | |
| Equipment Cost | |
| $59.00 | |
| Total Amount Due | |
| $59.00 | |

35.    The May 30, 2021 letter instructs KOGAN to contact SOUTHWEST directly for assistance or to make payment.

36.    The May 30, 2021 letter advises KOGAN that if he request SOUTHWEST in writing within 30 days after receipt of the letter, SOUTHWEST would provide the name and address of the original creditor, if different from the current creditor.

37.    The May 30, 20201 letter does not advise KOGAN if CHARTER is the original creditor, the current creditor, or both.

38.    The bottom of the May 30, 2021 letter contains a payment coupon, directing KOGAN to make payment directly to SOUTHWEST.

39.    The May 30, 2021 letter signed by: J. Hazzard, Southwest Credit Systems, LP.

40.    Upon receipt, KOGAN read the May 30, 2021 letter.

41.    On June 18, 202, KOGAN dispute the alleged CHARTER obligation by sending a letter to SOUTHWEST. A copy of said letter is annexed hereto as Exhibit B.

42.    On June 25, 2021, SOUTHWEST responded to KOGAN'S dispute. A copy of said response is annexed hereto as Exhibit C.

43.    The June 25, 2021 response from SOUTHWEST stated in part:

        Includes: Equipment/Client Admin Fee          $59.00

44.     Upon reading the June 25, 2021 response KOGAN was unsure of the character of the alleged debt,

45.     Upon reading the June 25, 2021 response KOGAN was unsure whether the alleged debt was for Equipment or for a Client Admin Fee.

46.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, SOUTHWEST sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New York similar to the letter annexed hereto as Exhibit A and/or Exhibit C.

47.     SOUTHWEST'S actions as described herein are part of a pattern and practice used to collect consumer debts.

48.     SOUTHWEST could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

49.     It is SOUTHWEST'S policy and practice to send initial written collection communications, in the form annexed hereto that violate the FDCPA, by *inter alia*:

   a.     Falsely representing the character, amount, or legal status of any debt;

   b.     Using false, deceptive or misleading representations or means in connection with the collection of any debt;

   c.     Failing to accurately state the amount of the alleged debt;

   d.     Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(2);

g.   Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

h.   Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

i.   Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

j.   Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

k.   Causing consumers to suffered a risk of economic injury.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e et seq.

50.   Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if the same were set forth at length herein.

51.   Collection letters and/or notices such as those sent by SOUTHWEST are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52.   SOUTHWEST violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

53.   SOUTHWEST violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

54.     KOGAN suffered an informational injury due to SOUTHWEST's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to KOGAN.

55.     KOGAN suffered a risk of economic injury due to SOUTHWEST's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to KOGAN.

56.     15 U.S.C. § 1692e(2)(A) states that a debt collector may not falsely represent the character…amount…of any debt.

57.     By including an amount of a debt that KOGAN did not owe in its May 30, 2021 letter, SOUTHWEST falsely represented the amount of the debt to KOGAN and others similarly situated, in violation of 15 U.S.C. § 1692e(2)(A).

58.     15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

59.     By including an amount of a debt that KOGAN did not owe in its May 30, 2021 letter, SOUTHWEST falsely represented the amount of the debt to KOGAN.

60.     SOUTHWEST further violated 15 U.S.C. § 1692e(10) by stating in the letter that KOGAN owed $59.00 for "Equipment Cost" and then stating in its June 25, 2021 letter that plaintiff owed $59.00 for "Equipment/Client Admin Fee".

61.     Upon reading the May 30, 2021 letter and the June 25, 2021 letter together, which are less than thirty days apart, the least sophisticated consumer would be left unsure and confused as to the alleged debt of $59.00 was for equipment cost or a client admin fee.

62.     Whether the alleged debt is related to equipment cost or a client admin fee is meaningful to least sophisticated consumer as it would affect on the reader's decision to dispute the debt and/or pay the debt.

63.     The May 30, 2021 and the June 25, 2021 letters are misleading as they can be read to have two or more meanings and at least one is inaccurate.

64.     The letters when read together could have the following meanings:

       a.     $59.00 is related to the cost of equipment; or

       b.     $59.00 is a client administrative fee; or

       c.     A portion of the $59.00 is related to equipment cost and a portion is related to a client administrative fee; or

       d.     The equipment cost and client administrative fee are the same fee.

65.     SOUTHWEST further violates 15 U.S.C. §1692(e)(10) in its May 30, 2021 letter by failing to clearly and effectively informing the reader of to whom the alleged debt owed.

66.     The least sophisticated consumer upon reading the May 30, 2021 letter would be left unsure and confused as to whom the debt may be owed to.

67.     The May 30, 2021 letter can be read to have two or more meanings and at least one is inaccurate.

       a.     Because the debt was assigned to SOUTHWEST, that SOUTHWEST is now the owner of the debt and the debt is owed to it; or

       b.     The debt is owed to CHARTER; or

       c.     The debt is owed to someone other than CHARTER, who assigned the debt to SOUTHWEST.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g et seq.

68.     Plaintiff repeats the allegations contained in paragraphs 1 through 67 as if the same were set forth at length herein.

69.     SOUTHWEST violated 15 U.S.C. § 1692g et seq. of the FDCPA in connection with its communications to KOGAN and others similarly situated.

70.     KOGAN suffered an informational injury due to SOUTHWEST's violation of 15 U.S.C. § 1692g of the FDCPA in connection with its communications to KOGAN.

71.     KOGAN suffered a risk of economic injury due to SOUTHWEST's violation of 15 U.S.C. § 1692g of the FDCPA in connection with its communications to KOGAN.

72.     15 U.S.C. § 1692g(a) states that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication …send the consumer a written notice containing the:

(2) the name of the creditor to whom the debt is owed;

73.     The May 30, 2021 letter states in part, "Your account has been assigned to this office for collection".

74.     The May 30, 2021 letter does not state who assigned the account to SOUTHWEST.

75.     The May 30, 2021 letter does not state whether the entity that assigned the debt to SOUTHWEST is the same entity to which the debt is owed.

76.     The May 30, 2021 letter does not explain what the assignment of the debt means in relation to whom the debt owed.

77.    The May 30, 2021 letter does not explain whether CHARTER was the original creditor or the current creditor.

78.    By including an amount of a debt that KOGAN did not owe, SOUTHWEST failed to provide the proper notice to KOGAN, in violation of 15 U.S.C. § 1692g(a)(1).

79.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

80.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

81.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

82.    Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

83.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

84.    Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against SOUTHWEST as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)    Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff and the Class actual damages;

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g)     Awarding pre-judgment interest and post-judgment interest; and

(h)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      October 31, 2021

                           */s/ Joseph K. Jones*        
                           Joseph K. Jones, Esq.
                           JONES, WOLF & KAPASI, LLC
                           One Grand Central Place
                           60 East 42nd Street, 46th Floor
                           New York, New York 101065
                           (646) 459-7971 telephone
                           (646) 459-7973 facsimile
                           jkj@legaljones.com

                           *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                           */s/ Joseph K. Jones*        
                           Joseph K. Jones

# Exhibit

# A

**SouthwestCredit**

Monday – Thursday 7:00AM to 9:00PM CT
Friday 7:00AM to 6:00PM CT
Saturday 8:00AM to 4:00PM CT

4120 International Pkwy, Suite 1100
Carrollton, TX 75007-1958
Toll Free: 844-832-5233

May 30, 2021

| Account Summary | |
| --- | --- |
| **Creditor** | |
| Charter Communications | |
| **Creditor Account No.** | |
| ████590 | |
| **Southwest Reference No.** | |
| ████548 | |
| **Principal** | |
| $0.00 | |
| **Equipment Cost** | |
| $59.00 | |
| **Total Amount Due** | |
| ➤ $59.00 ◄ | |

Dear Ethan Kogan,

Your account has been assigned to this office for collection. The balance listed is due in full. If payment has already been made, please contact our office.

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.**

Please contact our office if you would like assistance with this matter. You may pay your account by enclosing your payment with the tear-off coupon below, as indicated in the payment options or by contacting us at 844-832-5233 to make payment arrangements on your account.

Check or Credit Card payments can be made 24-hours a day, through our secure website at www.swcpayonline.com.

J Hazzard
Southwest Credit Systems, L.P.

We are required to notify you of certain information and rights you may have as listed below. This does not contain a complete list of the rights consumers have under local, state and federal laws and regulations.

**New York City Residents:**

Southwest Credit is able to provide communications in English and Spanish. A translation and description of commonly-used debt collection terms is available in multiple languages on the following website. www.nyc.gov/dca

New York City Department of Consumer Affairs License Number: 1153354-DCA

**New York Residents:**

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including, but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI), 2. Social security, 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

| PAYMENT OPTIONS |
| --- |
| **Money Gram** |
| Receive Code: 4077 |
| **Payments By Internet** |
| www.swcpayonline.com |
| Visa, Mastercard, Debit Card |
| and Check (ACH) accepted |



| **Payments By Phone** |
| --- |
| 844-832-5233 |
| 24-hour touch tone service |
| Visa, MasterCard, Debit Card |
| and Check (ACH) accepted |
| **Payments By Mail** |
| Send check or money order to |
| PO Box 650784 |
| Dallas, TX 75265-0784 |

**This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

***Detach This Portion and Return with Payment***          619CSSCGR01_00110_951088472

➤ Debit or credit card charges will appear on your card statement from "SWC".
➤ Do not send cash through the mail.
➤ Include reference number on the check or money order.

PO Box 650784
Dallas, TX 75265-0784

CHANGE SERVICE REQUESTED

| **Southwest Reference No.** | **Creditor Account No.** |
| --- | --- |
| ████8 | ████600 |
| 03785 – Charter Communications | |
| Payment Amount Enclosed | $ |

ETHAN KOGAN

████████████

Please send correspondence to this address.

Southwest Credit Systems, L.P.
PO Box 650784
Dallas, TX 75265-0784

6507848625454802500000000000000815011002590750000059002

# Exhibit

# B

Ethan Kogan



June 18th, 2021

Southwest Credit
4120 International Pkwy, Suite 1100
Carrollton, TX 75007-1958

**Re: Southwest Ref. No.** ███████

Dear Sir or Madam:

I am responding to your contact about a debt you are trying to collect. You contacted me by mail in a letter dated May 30, 2021 and identified a debt totaling $59.99 (consisting of an Equipment Cost of $59.99) from creditor Charter Communications, with a creditor account number stated as ██████████500.

I do not have any responsibility for the debt you're trying to collect.

If you believe, upon further review, that I indeed owe this debt, please supply the information  below so that I can be fully informed:

<u>Why you think I owe the debt and to whom I owe it, including:</u>

•   The name and address of the creditor to whom the debt is currently owed, the account number used by that creditor, and the amount owed.

•   Provide verification and documentation that there is a valid basis for claiming that I am required to pay the debt to the current creditor. For example, can you provide a copy of the written agreement that created my original requirement to pay?

•   If you are asking that I pay a debt that somebody else is or was required to pay, identify that person. Provide verification and documentation about why this is a debt that I am required to pay.

<u>The amount and age of the debt, including:</u>

•   A copy of the last billing statement sent to me by the original creditor.

•   State the amount of the debt when you obtained it, and when that was.

•   If there have been any additional interest, fees or charges added since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each added amount. In addition, explain how the added interest, fees or other charges are expressly authorized by the agreement creating the debt or are permitted by law.

- If there have been any payments or other reductions since the last billing statement from the original creditor, provide an itemization showing the dates and amount of each of them.

- If there have been any other changes or adjustments since the last billing statement from the original creditor, please provide full verification and documentation of the amount you are trying to collect. Explain how that amount was calculated. In addition, explain how the other changes or adjustments are expressly authorized by the agreement creating the debt or permitted by law.

- Tell me when the creditor claims this debt became due and when it became delinquent.

- Identify the date of the last payment made on this account.

- Have you made a determination that this debt is within the statute of limitations applicable to it? Tell me when you think the statute of limitations expires for this debt, and how you determined that.

<u>Details about your authority to collect this debt.</u>

- I would like more information about your firm before I discuss the debt with you. Does your firm have a debt collection license from my state? If not, say why not. If so, provide the date of the license, the name on the license, the license number, and the name, address and telephone number of the state agency issuing the license.

- If you are contacting me from a place outside my state, does your firm have a debt collection license from that place? If so, provide the date of the license, the name on the license, the license number, and the name, address and telephone number of the state agency issuing the license.

I have asked for this information because I have some questions.  I need to hear from you to make an informed decision about your claim that I owe this money.  I am open to communicating with you for this purpose.  **In order to make sure that I am not put at any disadvantage, in the meantime please treat this debt as being in dispute and under discussion between us.**

Thank you for your cooperation.

Sincerely,


Ethan Kogan

# Exhibit

# C



**SouthwestCredit**

PO BOX 650784
Dallas, TX 75265-0784
Voice: (972) 300-1700 / (800) 637-7439

06/25/2021
Ethan  Kogan

████████████████

| | |
|---|---|
| Client Name | Charter Communications |
| Client Account Number | ████████████500 |
| Southwest Credit Reference Number | █████548 |
| Placement Date | 05/28/2021 |
| Includes:  Equipment/Client Admin Fee | $59.00 |
| Current Balance | $59.00 |

Dear Ethan  Kogan,

Enclosed is the information you requested on the above referenced account.

If you have any additional questions, please feel free to contact our office at 844-832-5233. Thank you for your prompt attention to this matter.

Sincerely,

Collection Department

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION